UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ESSENTIAL NUTRITION LLC,**  Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-2158** |
| **STATE FARM FIRE AND CASUALTY COMPANY,**  Defendant | **SECTION: "E" (1)** |

### ORDER AND REASONS

Before the Court is a motion to remand filed by Plaintiff Essential Nutrition, LLC ("Essential").[1] Defendant State Farm Fire and Casualty Company ("State Farm") filed no opposition to the motion to remand and confirmed to the Court that it has no objection to the remand.

### LEGAL STANDARD

Pursuant to 28 U.S.C. § 1446(b)(1), when a case satisfies the requirements for federal jurisdiction and is removable from state court, any notice of removal "shall be filed within 30 days" of a defendant's receipt of "the initial pleading setting forth the claim for relief." The time limit "is triggered 'only when that pleading *affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'"[2] A petition that provides "specific damage estimates that are less than the minimum jurisdictional amount, when combined with other unspecified damage

---

[1] R. Doc. 8.
[2] *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added)).

1

claims, can provide sufficient notice that an action is removable so as to trigger the time limit for filing a notice of removal."[3]

## LAW AND ANALYSIS

On October 17, 2025, State Farm removed this case from the 29th Judicial District Court for the Parish of St. Charles.[4] On October 30, 2025, Essential filed the instant motion to remand, arguing that State Farm's "Notice of Removal is untimely as it was made more than 30 days after [State Farm] had notice that the matter sought damages over $75,000."[5] Essential argues that the Petition—seeking $59,028.25 in damages plus a 50% penalty of $29,514.12, totaling $88,542.37—affirmatively revealed on its face that Essential was seeking damages in excess of the minimum jurisdictional amount.[6] State Farm was served with the petition on June 16, 2025.[7] Accordingly, according to Essential, State Farm's removal on October 17, 2025 was filed well outside the applicable 30-day removal period.[8]

The Court agrees. The allegations in the Petition facially revealed to State Farm that Essential was seeking damages in excess of the minimum jurisdictional amount. Essential sought $59,028.25 in contractual damages and asserted a claim for statutory bad faith penalties of 50%, placing the amount in controversy above $75,000.

At the conclusion of the instant motion, Essential requests the Court award attorneys' fees and costs under 28 U.S.C. § 1447(c).[9] Under 28 U.S.C. § 1447(c), a plaintiff

---

[3] *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 210 (5th Cir. 2002) (citing *Marcel v. Pool Co.*, 5 F.3d 81, 82-85 (5th Cir. 1993)).
[4] R. Doc. 1.
[5] R. Doc. 8-1 at p. 4.
[6] R. Doc. 8-1 at p.3.
[7] R. Doc. 7-4 at p. 34.
[8] R. Doc. 8-1 at pp. 2-4.
[9] R. Doc. 8-1 at p. 4. Essential requests "attorneys' fees, costs, and expenses incurred in connection with filing this motion" only once at the conclusion and, besides the quoted language, does not expand upon its request or make arguments as to why it is entitled to the attorneys' fees, costs, and expenses.

seeking remand may be entitled to attorneys' fees and other just costs associated with an improvident removal by a defendant. Although the statute authorized such an award, it does not require one; rather, the Court has discretion to determine whether the circumstances surrounding the removal warrant such an award.[10] In exercising that discretion, the district court does not consider the removing defendant's motivations for removing the case but instead consider only whether the removing defendant had an "objectively reasonable" basis for removal.[11]

The Court finds that an award of costs and fees to Essential is appropriate in this case.

Accordingly,

## CONCLUSION

**IT IS ORDERED** that Essential's motion to remand is **GRANTED**.[12]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the 29th Judicial District Court for the Parish of St. Charles.

**IT IS FURTHER ORDERED** that Essential's request for attorneys' fees and costs under 28 U.S.C. § 1447(c) is **GRANTED**. This matter is referred to Magistrate Judge van Meerveld for a determination of the appropriate amount of attorneys' fees and costs.

**New Orleans, Louisiana, this 1st day of December, 2025.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[10] *See, e.g.*, *Valdes v. Wal–Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000) ("There is no automatic entitlement to an award of attorneys' fees. Indeed, the clear language of the statute makes such an award discretionary.").
[11] *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541-42 n. 2 (5th Cir. 2012).
[12] R. Doc. 8.